

Jack N. Frost, Jr., Esq.
Tel 973.360.7900
Fax 973.301.8410
frostj@gtlaw.com

May 15, 2026

**VIA ECF**

Hon. Zahid N. Quraishi
United States District Court
Clarkson S. Fisher Building & U.S.
Courthouse
402 East State Street
Trenton, NJ 08608

Hon. Tonianne J. Bongiovanni
United States District Court
Clarkson S. Fisher Building & U.S.
Courthouse
402 East State Street
Trenton, NJ 08608

Re:   ***Hall v. Johnson & Johnson, et al.***
***No. 3:18-cv-1833-ZNQ-TJB (D.N.J.)***

Dear Judge Quraishi and Magistrate Judge Bongiovanni:

Defendants respectfully submit this response to Plaintiff's May 14, 2026 letter (Dkt. 239) concerning the Gibson Dunn & Crutcher LLP report and investigation. Based on Plaintiff's misreading of the parties' Stipulation and mischaracterization of three expert reports, Plaintiff asks the Court to strike or require amendment of those expert reports. The request should be denied for the reasons below.

**First, Defendants complied with the Stipulation.** The Stipulation provides that "Defendants will not use the Gibson Dunn report or investigation as evidence or as a basis for legal argument in opposing Lead Plaintiff's substantive claims in this action." Dkt. 239, Ex. A. Defendants have not done so – they have neither offered the Gibson Dunn report into evidence, nor made legal arguments based on it. The expert reports also do not offer the Gibson Dunn report into evidence or make legal arguments about it – nor could they, given the nature of expert reports. The expert reports are Rule 26 disclosures setting out expert opinions, bases, reasons, and facts or data considered.

Plaintiff's position would add language the parties did not agree to in the Stipulation: that no expert may review, consider, mention, or disclose consideration of the Gibson Dunn report, even though it is publicly available. The Stipulation says no such thing. Nor would such a reading fit Rule 26(a)(2)(B), which requires disclosure of facts or data considered, or Rule 703, which permits experts to rely on facts or data that need not themselves be admissible if experts in the field would reasonably rely on them. At most, Plaintiff raises a trial-disclosure issue as to what information should be disclosed to the jury in connection with expert testimony, which can be addressed as needed during the pre-trial process pursuant to Rule 703. There is no basis to strike or amend the expert reports.

Hon. Zahid N. Quraishi
Hon. Tonianne J. Bongiovanni
May 15, 2026
Page 2

**Second, Plaintiff mischaracterizes the expert reports.** Plaintiff cites 7 of the 558 paragraphs across the three expert reports in taking issue with those experts' discussion of the Gibson Dunn report. *See* Dkt. 239 at 2. Plaintiff did not attach the reports or the challenged excerpts to its letter. Excerpts are attached here.[1] They show that Plaintiff overstates both the extent of the experts' discussion of the Gibson Dunn report and the role it plays in their analyses.

For Professor Coates's report on Johnson & Johnson's ("J&J's") disclosure processes, Plaintiff cites one paragraph and distorts what it says. Professor Coates did not "rely[]" on the Gibson Dunn report to conclude that J&J's Disclosure Committee had extensively discussed an allegedly false statement. Instead, he spent eleven paragraphs describing the statement and the process behind its creation based on documents produced in the litigation, including contemporaneous meeting minutes from the J&J Disclosure Committee and a review call with the J&J Board's Audit Committee. *See, e.g.*, Ex. 1, Coates Report ¶¶ 162-72. Professor Coates noted, for example, the senior executives and representatives of J&J's external auditor who attended those meetings, as well as the topics discussed. *Id.* ¶¶ 165-68, 171-72. Only at the end of that discussion, in Paragraph 173, did Professor Coates note that the contemporaneous Disclosure Committee minutes were "consistent with" witness interviews described in the Gibson Dunn report. *Id.* ¶ 173. That is corroboration, not foundation.

For Ms. Gronostajski, Plaintiff cites two paragraphs near the end of a section of her report discussing J&J's quality management system. Her opinions are based on her experience and her review of numerous documents relating to J&J's quality management system, including written policies, procedures, controls, supplier qualifications, and testing requirements. *See, e.g.*, Ex. 2, Gronostajski Report ¶¶ 7, 13, 34-97. The cited discussion of the Gibson Dunn report states that certain findings by Gibson Dunn are "generally consistent with and corroborate" Ms. Gronostajski's understanding and are "likewise consistent with" her opinions. *Id.* ¶¶ 98-99. That too is corroboration, not the sort of reliance on the Gibson Dunn report that Plaintiff claims.

For Professor Bazerman, the four cited paragraphs about the Gibson Dunn report appear in one subsection concerning the J&J Board's response to shareholder demand letters. Professor Bazerman's assignment was to respond to Plaintiff's expert Professor Oreskes and assess her assertions regarding J&J's conduct. *See, e.g.*, Ex. 3, Bazerman Report ¶¶ 18-23. Like Defendants' other experts, Professor Bazerman does not treat Gibson Dunn's substantive conclusions as a substitute for his own opinions, or as proof that Plaintiff's (or Professor Oreskes's) claims are wrong. Rather, he discusses Gibson Dunn's investigative process, as reflected in the Gibson Dunn report, as corroborating his opinion that J&J responded to allegations about its talc-powder products not by "manipulating" regulators or scientists to protect its public image (as Professor Oreskes claims), but instead by taking responsible corporate action to appropriately investigate those allegations. *Id.* ¶¶ 71-74. He states that the Gibson Dunn report was "consistent with [his] independent review of the record," *id.* ¶ 73, and that the Board's retention of Gibson Dunn

---

[1] Defendants have excerpted the expert reports in Exhibits 1-3 to minimize the volume of these filings, and will submit full versions of the expert reports if helpful to the Court.

Hon. Zahid N. Quraishi
Hon. Tonianne J. Bongiovanni
May 15, 2026
Page 3

"reinforces" his conclusion regarding J&J's response to talc-related allegations, *id.* ¶ 74. The report then continues with a broader analysis of Professor Oreskes's opinions, none of which rests on the Gibson Dunn report. *See, e.g., id.* ¶¶ 80-84. In fact, the only other place he references the Gibson Dunn report outside of the four paragraphs that Plaintiff cites is Paragraph 81, where he notes the Gibson Dunn report as one of numerous examples of "contradictory information" that Professor Oreskes does not address. *Id.* ¶ 81. Plaintiff has exaggerated the Gibson Dunn report's role in Professor Bazerman's opinions.

**Third, Plaintiff has not shown prejudice.** Plaintiff's prejudice theory depends on the premise that Defendants' experts relied on Gibson Dunn investigative files, memoranda, attorney notes, or other materials Plaintiff lacks. They did not. The only Gibson Dunn-related material at issue is the Gibson Dunn report itself, which Plaintiff has because it is publicly available. *See* Special Investigation Report to the Board of Directors of Johnson & Johnson, *Bynum v. Gorsky et al.*, No. 3:19-cv-18874-FLW-LHG, Dkt. 40-6 (D.N.J. filed Oct. 30, 2020).

Plaintiff has access to all of the materials and information relied on or referenced in the expert reports, which are based on the experts' qualifications, methodologies, produced documents, testimony and other materials available to Plaintiff, and the experts' independent review. Plaintiff can depose each expert about what the expert considered, what weight the expert gave to the Gibson Dunn report, and what other materials support the opinions, and Plaintiff can later raise Rule 703 or trial-disclosure objections if appropriate. That is ordinary expert discovery process, not prejudice.

**Fourth, Plaintiff's requested remedy is disproportionate.** At most, Plaintiff challenges only a handful of references in the three expert reports, citing only 7 of the 558 paragraphs across them. Yet it seeks to strike the reports wholesale, or require amendment – and moreover, it seeks that relief before rebuttal reports, expert depositions, motions in limine, or any attempt by Defendants to offer the Gibson Dunn report into evidence. Their request thus is premature and unwarranted. To the extent the Court perceives any potential issue with the experts' limited references to the Gibson Dunn report, the issue will be far better presented, if at all, on a complete record – that is, after Plaintiff has served rebuttal reports, deposed the experts, and identified any specific Rule 703 or trial-disclosure objections in the ordinary course of expert discovery and pretrial motion practice. Plaintiff offers no basis for the Court to strike or require amendment of expert reports now, on a truncated record and without the benefit of that process.

**Fifth, Plaintiff did not meaningfully confer before filing its letter.** On May 11, Plaintiff sent Defendants a letter demanding that Defendants withdraw the three expert reports wholesale. Defendants responded on May 13, explaining why Plaintiff's position was baseless but expressly inviting Plaintiff to identify (i) any particular language it challenged in the reports, (ii) any specific relief it sought, and (iii) any discovery it claimed to need, so that the parties could meet and confer. *See* Dkt. 239, Ex. B at 2. The next day, Plaintiff responded solely to declare impasse, and then filed its letter with the Court. Plaintiff did not offer or request times for a call, attempt to resolve or narrow the dispute, or otherwise respond to Defendants' letter. By declaring impasse

Hon. Zahid N. Quraishi
Hon. Tonianne J. Bongiovanni
May 15, 2026
Page 4

prematurely, Plaintiff bypassed the meet-and-confer requirement for discovery disputes under Local Civil Rule 37.1.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's request. At minimum, Plaintiff should be required to do what Defendants invited before Plaintiff filed its letter: identify the specific language it challenges in the reports, the relief it seeks as to that language, and any specific discovery it contends it needs, and then meet and confer in good faith. The parties can then submit briefing, if needed, on any disputes that remain.

Defendants are available at the Court's convenience if the Court wishes to schedule a conference on these matters.

Respectfully,

*Jack N. Frost, Jr.*

Jack N. Frost, Jr.

cc: All counsel of record via ECF

ACTIVE 724081528v1

Hon. Zahid N. Quraishi
Hon. Tonianne J. Bongiovanni
May 15, 2026
Page 5

## CERTIFICATE OF SERVICE

I, Jack N. Frost, Jr., hereby certify that on May 15, 2026, I caused the foregoing Defendants' Letter to Judge Zahid N. Quraishi, U.S.D.J. and Judge Tonianne J. Bongiovanni, U.S.M.J., along with the Exhibits thereto (filed Under Seal), to be served by email on the following counsel:

*Counsel for Plaintiff*:

James E. Cecchi (jcecchi@carellabyrne.com)
Donald A. Ecklund (decklund@carellabyrne.com)
Kevin G. Cooper (kcooper@carellabyrne.com)
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road Roseland, NJ 07068
Telephone: 973/994-1700

Darren J. Robbins (darrenr@rgrdlaw.com)
Arthur C. Leahy (artl@rgrdlaw.com)
Robert R. Henssler Jr. (bhenssler@rgrdlaw.com)
Tor Gronborg (torg@rgrdlaw.com)
Nathan R. Lindell (nlindell@rgrdlaw.com)
Hillary B. Stakem (hstakem@rgrdlaw.com)
Matthew J. Balotta (mbalotta@rgrdlaw.com)
Laura Andracchio (landracchio@rgrdlaw.com)
Joseph Tull (jtull@rgrdlaw.com)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

*Counsel for Defendants*:

Walter C. Carlson (wcarlson@sidley.com)
Kristen R. Seeger (kseeger@sidley.com)
John M. Skakun III (jskakun@sidley.com)
Christopher Y. Lee (chris.lee@sidley.com)
Neil H. Conrad (nconrad@sidley.com)
Abigail B. Molitor (amolitor@sidley.com)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: 312/853-7000

ACTIVE 724081528v1